IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAY 01 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 6:12cr00015 |
| v. ) | |
| ) | By:  James G. Welsh |
| JAMES BOWERS JOHNSON, ) | United States Magistrate Judge |
| *Defendant* ) | |

**ORDER**

This defendant was regularly charged by multi-count grand jury Indictment (docket # 4) returned April 5, 2012 charging him with corruptly endeavoring to obstruct, impede and impair the due administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a), and charging him in three separate counts with failing to make required income tax returns for calendar years 2005, 2006 and 2007, each in violation of 26 U.S.C. § 7203. Following his arrest, pursuant to Rules 5(c)(1)(A), 5(d) and 10(a), Federal Rules of Criminal Procedure, the defendant was timely brought before the undersigned for arraignment on April 26, 2012 in accordance with Rule 5(a), Federal Rules of Criminal procedure. At which time he declined to answer to the name in the indictment; he denied that he was a "defendant," and at a minimum by implication he suggested that the court lacked either personal or subject matter jurisdiction.

The defendant was then informed of his constitutional rights to remain silent, to counsel, to trial by an impartial jury, and to a speedy and public trial. Although the defendant denied

understanding these rights, he admitted his ability to read and write and understand English (docket # 14, p. 9, lines 11-12), and throughout the proceeding he demonstrated that he was fully able to understand and speak English without difficulty and fully able to use the language with significant fluency and facility. After determining that the defendant had been provided with a copy of the Indictment, each of the four felony charges against the defendant contained therein was summarized and explained to him, and he was apprised of the range of punishment for each. Once again, when asked, the defendant denied understanding either the charges or the range of punishment, and he reasserted his claim that "[he] was not the defendant and [that] nobody had identified [him] as so." (Docket # 14, p. 10, lines 15-20). This claim was deemed by the undersigned to be the reassertion of a contention that the court lacked either personal or subject matter jurisdiction.

When next asked multiple times whether he wanted a lawyer or wanted time to see if he could retain an attorney in this case, the defendant simply reiterated his denied that he was the defendant, his demand that someone identify as such, his invocation of an Article III court ". . . under common rule law of decision," and his citation of 28 U.S.C. § 1652. (Docket # 14, pp. 10-11). After the defendant was again informed of his Sixth Amendment right to the assistance of counsel, he was informed that the count intended to presume that he did not intend to waive that right.

He was then reminded of the felony nature of the charges against him, the possible penalties, and the dangers and disadvantages of waiving one's right to counsel, including the inherent dangers of self-representation, the risk of becoming the victim of one's own ignorance of applicable law and constitutional rights, the inherent difficulties in assessing the relative

2

advantages and disadvantages of a guilty plea or exercising one's right to a jury trial, the complexities of applicable criminal law, and the advantages of having the assistance of learned criminal counsel. (Docket # 14, pp. 11-13). Once again the defendant professed not to understand and not to be the defendant.

After being informed of his right to a bail hearing, pursuant to Rule 5(d)(3), F.R.Crim.P., and 18 U.S.C. § 3142(f), the defendant was asked three times whether he wanted to be considered for pretrial release on conditions. In each instance the defendant declined to answer this question and instead reiterated his invocation of Article III and insistence that it be "honor[ed]." (Docket # 14, pp. 13-14). However, later in the proceeding, the defendant stated that he did not want legal counsel and objected to the court's appointment of the Federal Public Defender. (Docket # 14, p. 14, lines 19-25).

When asked to explain what he was invoking, the defendant stated that he was "invoking an Article III superior court of record" that he had previously submitted to the United States Attorney and to Chief District Judge Conrad along with "[his] status documents . . . [and] a writ of right as far as dismissing this case with prejudice." (Docket # 14, p. 14)

Upon careful consideration of the forgoing, including the defendant's statements and arguments, the following findings of fact and conclusions of law:

1. The defendant did not demonstrate a knowing and intelligent waiver of his right to be represented by counsel;

2. The defendant did not demonstrate a preparedness for arraignment pursuant to Rule 10;

3

3. The defendant did not demonstrate either a preparedness or interest in being considered for pretrial release on conditions;

4. The defendant failed, neglected, and refused to provide basic identifying and related information necessary for the court to make an informed pretrial release determination;

5. The defendant is able to read write and understand the English language; and

6. By his actions, the defendant demonstrated no limitation or inability either to understand or to participate fully in this proceeding.

Accordingly, it is

## ORDERED

1. The Federal Public Defender is appointed to represent the defendant in this matter and to assist him to the extent reasonably possible;

2. Pending the Federal Public Defender having an opportunity to meet and consult with the defendant and pending the defendant having an opportunity to consider employment of counsel, further proceedings in this case (including his arraignment, the scheduling of a trial date, consideration for his pretrial release on conditions, and his eligibility for court-appointed counsel) are continued until May 3, 2012 at 3:30 p.m.;

3. Unless later determined to be unnecessary, any order allowing the defendant's pretrial release will need to contain, at a minimum, the following conditions: (1) the defendant's production of personal identifying information in a form acceptable to the court and to the U.S. Attorney's office; (2) fingerprint, photograph and other identifying information deemed necessary and useful to the U.S. Marshal's office; (3) a DNA sample; (4) a clean drug screen; (5) regulated and supervised pretrial release by the U.S. Probation Office for this district; (6) engagement in no activity or behavior that is deemed by the supervising officer to be dilatory, obsessive, threatening, or uncooperative; (7) no violation of any federal, state or local law while on release, (8) no possession of any firearms or destructive devices; (9) no filing or attempted filing with any court or agency of any irrelevant, extraneous or obstructive materials; (10) no possession of any controlled substance that is not prescribed by a licensed physician; (11) electronic monitoring at the defendant's expense; (12) a duty to keep the peace and be of good behavior; (13) an approved home study; (14) his home, vehicles, and other property, including *inter alia* his computers and other electronic or other storage devices must be subject to random examination; and (15) he must be subject to random testing for the use of any drug or other prohibited substance; and

4. The defendant's objection to these proceedings and the determinations of the Court is noted for the record; and

ENTER: This 30TH day of April 2012.

                                                                                   s/   *James G. Welsh*
                                                                                        U. S. Magistrate Judge