IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 6:12-cr-00015 |
| v. | ORDER |
| JAMES BOWERS JOHNSON,  *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on a *pro se* "habeas corpus motion to dismiss with prejudice" filed by Defendant James Bowers Johnson ("Defendant"), who has been indicted for one count of obstructing administration of the Internal Revenue Code and three counts of failing to file income tax returns. Defendant, who has been assigned counsel to represent him, is awaiting trial on these charges. In light of the fact that Defendant has yet to be convicted of any crime, I will construe his motion as a motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3).

First, I observe that in his motion, Defendant appears to raise prospective defenses to the crimes for which he has been indicted. However, a motion to dismiss the indictment is not the appropriate mechanism for raising these defenses. Similarly, it is not the appropriate stage in this prosecution for Defendant to set forth such defenses. The magistrate judge who arraigned Defendant has already construed and entered Defendant's plea of not guilty to these crimes, and a jury trial has been scheduled. When the trial commences, Defendant will be afforded an

opportunity to put on a defense. Until then, I will not entertain Defendant's premature efforts to do so by way of his motion.

Second, and more fundamentally, Defendant may not file a *pro se* motion to dismiss the indictment when he is being represented by counsel. Because the magistrate judge could not discern whether Defendant was competent to waive the right to be represented by counsel, he rightly assigned counsel from the Office of the Federal Public Defender to represent Defendant. Therefore, since his arraignment, Defendant has been represented by counsel, and until a judicial officer finds that Defendant has competently waived his right to counsel, he remains represented and may not proceed *pro se. See United States v. Young*, No. 06-710-02, 2008 WL 163045, at *3 (E.D. Pa. Jan. 17, 2008) ("[A] criminal defendant has no right to 'hybrid' representation, that is, representation both pro se and by counsel in the same proceeding.") (citations omitted). Indeed, if Defendant were permitted to do so, "the Court and the government would be forced to respond in every instance to every motion whether spurious or otherwise." *United States v. Brewer*, No. 1:12cr1, 2012 WL 686708, at *2 (N.D.W. Va. Mar. 2, 2012). Because Defendant's *pro se* motion has not been adopted by his counsel, and because Defendant has not obtained the permission of the Court to file the instant motion, it is improperly before me.

Finally, even if I were to assume, for the purposes of argument, that Defendant was entitled to file his motion to dismiss the indictment, I would deny it all the same, for the arguments contained within it are either frivolous or incomprehensible, and therefore meritless.

Accordingly, for the foregoing reasons, Defendant's motion (docket no. 25) is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this order to Defendant and all counsel of record.

Entered this 29th day of May, 2012.

                                              NORMAN K. MOON
                                              UNITED STATES DISTRICT JUDGE