IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No.**  6:12CR00015 |
| | ) | |
| JAMES BOWERS JOHNSON | ) | |

**POSITION OF THE UNITED STATES REGARDING THE HEARING
TO DETERMINE  THE DEFENDANT'S MENTAL COMPETENCY**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby provides its position relative to the hearing set to determine the mental competency of the defendant, JAMES BOWERS JOHNSON, pursuant to Title 18, United States Code, Section 4241(a).  For the reasons stated below, the United States respectfully moves this Honorable Court, pursuant to Title 18, United States Code, Section 4241(b) and (c), to enter an Order committing the Defendant to the custody of the Attorney General of the United States for the purpose of undergoing a psychiatric and/or psychological examination to determine whether he is competent to stand trial and/or competent to waive representation by counsel.

**FACTS OF THE CASE**

On April 5, 2012, the Defendant, JAMES BOWERS JOHNSON, was charged in a four count Indictment by a Grand Jury, sitting within the Western District of Virginia.  The Indictment alleges in Count One that JOHNSON corruptly endeavored to obstruct, impede, or impair the due administration of the Internal Revenue Code, in violation of Title 26, United States Code, Section 7212(a).  Counts Two, Three and Four allege that the Defendant willfully failed to file his personal income tax returns for the calendar years 2006, 2007, and 2008, in

violation of Title 26, United States Attorney, Section 7203.

JOHNSON appeared before U.S. Magistrate Judge James Welsh, for his initial appearance, on April 26, 2012.  During the hearing, the Defendant repeatedly challenged the authority of the Court and repeatedly claimed he was not the "Defendant."  JOHNSON stated that he did not understand the significant rights he possessed in regards: to being represented by an attorney; the right to trial by jury; the right to require the United States to prove his guilt beyond a reasonable doubt; and the right to compel the attendance of favorable evidence in his behalf at trial.  Based upon the Defendant's repeated assertions that the Court lacked either subject matter or personal jurisdiction, the hearing was continued.  U.S. Magistrate Judge Welsh entered an Order on May 1, 2012, which stated that the Defendant did not demonstrate: a knowing and intelligent waiver of his right to counsel; a preparedness for arraignment; nor an interest in being considered for pretrial release.

On May 3, 2012, JOHNSON appeared again before U.S. Magistrate Judge Welsh and restated his objections to being identified as: James Bowers Johnson;  Mr. Johnson; and the Defendant.  He claimed each name was a misnomer.  The Defendant directed the Court to documents he had previously submitted to the Chief Judge of the Western District of Virginia and the United States Attorney for the Western District of Virginia.  When asked if he was going to retain counsel, JOHNSON stated "I'd like to invoke the Article III Court, superior court of record ... where the common law rule decision applies."  May 3, 2012 Transcript, page 11.  The Defendant once again informed the Court that he neither desired bail nor representation by an attorney.  JOHNSON stated that he only wanted an acknowledgment under Title 26, United States Code, Section 2612  "that your responsible for taxable termination."   May 3, 2012 Transcript, page 11.

On May 10, 2010, U.S. Magistrate Judge Welsh noted in his order that JOHNSON: invoked Article III, Title 28, as well as documentation sent to Chief Judge Conrad; claimed that notice to principal is notice to agent; and declined to answer directly; and was requesting that the Indictment be dismissed due to its defective claim of jurisdiction. U.S. Magistrate Judge Welsh found that the Defendant had not demonstrated even a rudimentary knowledge of multiple aspects of the criminal justice system and had not demonstrated competency to stand trial. Order of Arraignment, May 10, 2012, Pg. 2.

On May 25, 2012, this Honorable Court Ordered a hearing to determine whether the Defendant possesses sufficient mental competency to waive representation by counsel. The Order noted that the Court, after review of the transcripts of the two proceedings and the Defendant's pro se Motion To Dismiss, had determined that there exists more than a reasonable cause to believe the Defendant presently suffers from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to properly assist in the defense of the charges against him.[1]

## DISCUSSION

I.   Competency

The determination of whether the Defendant is competent to stand trial or competent to make a knowing waiver of his right to counsel is an issue of procedural due process. Title 18, United States Code, Section 4241 requires the Court to use the reasonable cause standard in making its determination. The Fourth Circuit has determined that the District Court should conduct a competency hearing, and/or mental evaluation anytime there is reasonable cause to

---

[1] The Motion To Dismiss relies on Title 28 U.S.C. Section 1652 which deals with diversity cases and not violations of Federal criminal law.

believe a defendant is incompetent and unable to go forward with the proceedings. The standard is whether or not the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See United States v. Mason, 52 F.3d 1286 (4th Cir. 1995).

Section 4247(b) provides that the Court may commit a defendant for a competency examination for a reasonable period of time. Once the examination is completed, a psychiatric or psychological report is to be prepared by the examiner and submitted to the court and other parties to the proceedings. *See* 18 U.S.C. § 4247 (c) (setting forth the reporting requirements for a psychiatric/psychological evaluation under §4241). The psychiatric or psychological report will be used by the Court, along with other evidence, to determine whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, whether he has a rational as well as factual understanding of the proceedings against him. See Dusky v. United States, 362 U.S. 402, 402 (1960). No report has been prepared in this case.

Given JOHNSON's education and his ability to live a financially successful life, it does appear that JOHNSON is very competent in some areas. However, he has in the past used a variety of irrational and frivolous arguments to evade his tax liability. It appears that he is currently grasping at straws in an attempt to avoid trial by a jury of his peers. Absent input from a mental health professional, it is difficult to determine if whether JOHNSON's current actions are the result of a delusional state of mind or carefully thought out actions designed to provide a defense against criminal charges that require proof of a subjective state of mind.

II.     Right To Self-Representation

The Defendant seems to desire to proceed without legal representation.  However, an effective assertion of the right of self-representation must be: (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; (3) timely.  United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir.), cert. denied 531 U.S. 994 (2000).  The standard waiving legal representation is identical to standard of competency to stand trial. See Godinez v. Moran, 509 U.S. 389, 400-01 (1993)   To date, JOHNSON has not been clear, unequivocal, knowing, or intelligent in his responses to the basic questions asked during the two arraignment hearings.  He simply repeated "tax defier" rhetoric.

The tension between the right of representation and the right to represent oneself places a weighty responsibility upon the trial court to conduct a sufficiently penetrating inquiry to satisfy oneself that the defendant's waiver of counsel is knowing, understanding, and voluntary.  The basic requirements for a knowing waiver are: 1) an clear and unequivocal assertion by the defendant of his desire to proceed *pro se*; 2) an inquiry by the court to satisfy itself the the defendant understand the nature of the charges, range of possible punishments, potential defenses, technical problems the defendant may encounter, and any other factual issues that are important to a general understanding of the risk's involved in proceeding *pro se*; and  3)  the court is assured that the defendant is competent to stand trial.  United States v. Peppers, 302 F.3d 120, 132 (3rd  2002).  These are the very areas that the United States Magistrate attempted to explore with JOHNSON at the prior hearings.  Instead of providing responses that could be used to gauge his understanding of the proceedings ahead of him, JOHNSON provided nonsensical responses demanding a common law court.

A pro-se defendant is not permitted to use his self-representation to engage in serious and

obstructionist conduct which may abuse the dignity of the Court or fails to comply with relevant statutes, rules, and/or procedures.  Indiana v. Edwards, 128 S.Ct 2379, 2387-88 (2008).[2]  To date, JOHNSON has not made any attempt to follow the dictates of the Court nor answer even basic questions regarding such basic issues as his identity.

      Waiver of representation by a professional trained in the law and seasoned in defending complex financial cases is a serious matter, which may have a negative impact on an individual for the rest of his life.  To date, the Defendant's statements and filings have not been focused on the merits of the case, the evidentiary hurdles the Government must overcome, nor the impact his sentiments may have upon tax paying jurors.

      In Frazier-El the trial court was faced with the dilemma in determining whether the defendant suffered from a mental disease or defect rendering him incompetent to stand trial or was the defendant's world view such that he could not deal with reality.  Frazier-El was sent to the Bureau of Prison facility in Butner, North Carolina for evaluation and treatment. The mental health professionals concluded that Frazier-El "has an understanding of the adversarial nature of criminal law and verbalizes an accurate understanding of criminal process, procedural protection of his rights, and the roles of courtroom personnel. "   However, the evaluators pointed out that Frazier-El persisted in his view that the United States government does not have authority over him because "he is a Moorish national."   The report explained:

> We do not view his belief system to be delusional in nature, as it is loosely based on the doctrine of the Moorish Science Temple of America, a recognized organization in the United States. Mr. Frazier-El appeared to have exaggerated, added to, and distorted the doctrine to benefit himself. We attribute that behavior to his personality disorder and not to a severe mental illness.

---

[2]  During his previous appearances, JOHNSON was disrespectful and failed to comply with the Federal Rules of Criminal Procedure.

Frazier-El at 557.

Preparation for trial in this case will require the review of: thirty-one boxes of documents business records, accounting records, and financial records obtained by Internal Revenue Service; summons and Grand Jury subpoenas; six boxes of documents presented to the Department of Justice, Tax Division to obtain approval of the pending charges; nine binders of documents used to interview witnesses; and multiple Memorandum of Interviews and Grand Jury transcripts. In most document intensive cases, such as this one, a standard joint discovery order is entered which allows the Defense access to information acquired by the United States during the investigative stage of the case. The Order, requires the Defendant and Defendant's counsel to acknowledge and respect the authority of the Court's restriction of the use of the information provided by the United States. This "Open File" discovery policy has been a hallmark of cases tried in the Western District of Virginia, insuring that the defense has access to all information which may assist in the defense of the case. However, the Western District of Virginia's open file policy assumes that all parties understand and recognize the authority of the Court in overseeing discovery and protecting the improper use of discovery materials.

A proper defense, in this case, will require a familiarity with such issues as authenticity, the business records hearsay exception, willfulness; use of summary exhibits; allowable testimony by a summary witness; and other evidentiary issues that are common in fiscal fraud trials. To date, JOHNSON has simply utilized frivolous arguments made by "tax defiers", several who have served or are currently serving prison sentences as a result of their fiscal fraud. At this juncture, JOHNSON is before an "Article III Court, superior court of record where common law rule decision applies." Transcript May 3, 2012 pgs. 10-11. Trial preparation will demand more than simply some mantra purchased from uninterested parties.

It does appear that JOHNSON's belief in the system is delusional in nature and those beliefs may impact his ability to make decisions that are in his own best interest. As such, it seems prudent to obtain input from a mental health professional in order to determine JOHNSON's competency. Once the Defendant has been examined and the report prepared, all parties will have critical information needed to make a determination regarding his competency to stand trial and whether he is capable of effectively waiving assistance of counsel.

## CONCLUSION

Based upon the foregoing, the United States respectfully moves this Honorable Court to commit the Defendant, JAMES BOWERS JOHNSON, to the custody of the Bureau of Prisons for the purpose of a mental examination to determine whether the Defendant is sufficiently mentally competent to assist his attorney in the defense of the case, or in the alternative, to determine whether the Defendant has sufficient understanding of the proceedings to make an informed, intelligent and competent waiver of legal representation.

Respectfully submitted,

TIMOTHY J. HEAPHY
UNITED STATES ATTORNEY

s/ C. Patrick Hogeboom, III
Assistant United States Attorney
WA 16598
United States Attorney's Office
P.O. Box 1709
Roanoke, Virginia   24008
Tel: (540) 857-2250
pat.hogeboom@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Position of the United States Regarding the Hearing to Determine the Defendant's Mental Competency has been electronically filed by CM/ECF system which will send notification to all counsel, on this 11th day of June, 2012.

                                            s/ C. Patrick Hogeboom, III
                                            Assistant United States Attorney