IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 25 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 6:12CR00015 |
| ) | |
| JAMES BOWERS JOHNSON ) | |

### JOINT DISCOVERY AND INSPECTION ORDER

THIS DAY came the United States of America, by its Attorney, and the Defendant, by counsel, and moved the Court for entry of an Order governing the provisions of discovery by the respective parties in this case, pursuant to Federal Rules of Criminal Procedure 6(e), 12.1, 12.2, 12.3,16 and 26.2, pursuant to Title 26, United States Code, Sections 6103(h)(4)(D) and 6103(i)(4)(A), and pursuant to the authority of the Court to regulate proceedings before it.

IT IS THEREFORE ADJUDGED AND ORDERED, pursuant to Rule 16 (a) of the Federal Rules of Criminal Procedure, that the United States of America permit the defendant to inspect, copy and/or photograph:

(1) any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral

statement which the government intends to offer in evidence at the trial by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged.

(2) Such copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

(3) Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

(4) Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney

for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(5) A written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial.

IT IS FURTHER ADJUDGED AND ORDERED that the United States provide to the Defendant any evidence of an exculpatory nature, as defined in Brady v. Maryland, 373 U.S. 83 (1973), and those cases interpreting that opinion.

IT IS FURTHER ADJUDGED AND ORDERED, pursuant to Rule 16 (b) of the Federal Rules of Criminal Procedure, that the defendant permit the attorney for the United States to inspect, copy and/or photograph:

(1) any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

(2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, or control of the defendant, and which the defendant intends to introduce as evidence in chief at the trial or which was

prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

(3) A written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial.

IT IS FURTHER ADJUDGED AND ORDERED, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, that the defendant disclose whether he intends to introduce evidence to establish an alibi, and if so, that the defendant state the specific place or places at which he claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi. The parties shall otherwise comply with Rule 12.1.

IT IS FURTHER ADJUDGED AND ORDERED, pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure, that, if the defendant intends to rely upon a defense of insanity or to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt, the defendant shall notify the government in writing of such intention and file a copy of such notice with the clerk.

IT IS FURTHER ADJUDGED AND ORDERED, pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure, that if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged offense, the defendant shall serve upon the

attorney for the Government a written notice of such intention, and that the parties otherwise comply with Rule 12.3.

IT IS FURTHER ADJUDGED AND ORDERED that the United States is permitted to disclose to counsel for the defense as part of voluntary discovery, Grand Jury, tax return, and other investigative materials. It is further ORDERED that the United States and defense counsel may use this material for the prosecution and defense of the case, respectively, and to make such further disclosures as may be necessary for, and for the sole purpose of, prosecuting and defending this case.

IT IS FURTHER ADJUDGED AND ORDERED that counsel for the defense and the individual defendant(s) may use this material solely for the defense of the case, may not photocopy the material except as needed for defense of the case (any photocopy is governed by this order as if it was an original), may not remove this material from the office of defense counsel unless kept in the personal possession of defense counsel at all times, may not disclose the material to any person other than counsel and staff directly assisting in the defense of the instant case, and may not disclose or discuss this material with any person except in the presence of defense counsel and as necessary to the preparation of the defense. Unauthorized disclosure of grand jury, tax return, or investigative materials is a violation of federal law and violation of this Order and may be deemed a contempt of court pursuant to Title 18, United States Code, Section 401.

IT IS FURTHER ADJUDGED AND ORDERED that the parties provide the above ordered discovery and inspection at a mutually agreeable date and place, but no later than two weeks before the scheduled trial date.

IT IS FURTHER ADJUDGED AND ORDERED, pursuant to Rule 16 (c) of the Federal Rules of Criminal Procedure, that if prior to or during trial a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under the Rules of Criminal Procedure, such party shall promptly notify the other party, or that other party's attorney, or the court of the existence of the additional evidence or material.

ENTERED this 25th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE

**SEEN AND AGREED:**

_____
C. Patrick Hogeboom, III
Assistant United States Attorney

_____
Randy Cargill
Federal Public Defender's Office
Counsel for Defendant