IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 6:12cr00015 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| JAMES BOWERS JOHNSON, | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Petitioner James Bowers Johnson, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 48-month sentence following his conviction on four counts of violating the Internal Revenue Code. Johnson claims that trial and appellate counsel provided ineffective assistance by refusing to dispute the court's jurisdiction over him, failing to argue that he did not act willfully when he failed to file tax returns, failing to challenge the grand and petite jury procedures and refusing to make a motion for a new trial. He filed a motion to amend seeking to provide additional evidence that counsel provided ineffective assistance of counsel, which was granted. The government filed a motion to dismiss and Johnson responded. He then filed an additional motion to amend arguing that newly discovered evidence establishes that the government presented perjured testimony at trial. Accordingly, this matter is ripe for consideration. I conclude that Johnson's ineffective assistance of counsel claims fail to meet the exacting standard set forth in *Strickland v. Washington*, 466 U.S. 668, 669 (1984). I also conclude that his claimed due process violation based on the presentation of perjured testimony is futile. *United States v. Pittman,* 209 F.3d 314, 317 (4th Cir. 2000). Therefore, I will grant the government's motion to dismiss.

# I.

On April 5, 2012, a grand jury returned a four Count indictment against Johnson. Count One alleged that Johnson obstructed, impeded or impaired the due administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a). Counts Two, Three and Four alleged that Johnson willfully failed to file his personal income tax returns in 2006, 2007 and 2008, respectively, in violation of 26 U.S.C. § 7203.

On April 26, 2012, Johnson appeared before United States Magistrate Judge James G. Welsh for an initial appearance. At the hearing, Johnson insisted that he was "not the defendant" and that the court did not have jurisdiction over him. (Initial Appearance Trans. at 3, 10, ECF No. 14). Magistrate Judge Welsh appointed counsel to represent Johnson because he never clearly answered whether he wanted to represent himself and thus did not unequivocally waive his right to counsel. (*Id*. at 10-11). Magistrate Judge Welsh concluded that Johnson was not prepared to be arraigned because he stated he did not understand either the charges against him or his rights. (*Id*. at 14-15). Johnson then filed a *pro se* "Habeas Corpus Motion to Dismiss with Prejudice." (Habeas Motion, ECF No. 25). I dismissed this motion, concluding that it was not the appropriate means by which to raise defenses to the charges against him and more fundamentally, that because he was represented he could not successfully file *pro se* motions. (Order at 1-2, ECF No. 27).

On June 13, 2012, I held a competency hearing and determined that Johnson was able to understand the proceedings against him and assist properly in his defense. (ECF 35). Johnson stated that he was willing to accept representation from appointed counsel. (ECF 35). However, Johnson later changed his mind about accepting representation. At a November 20, 2012 status

2

hearing, following careful questioning, I concluded that Johnson willingly waived his right to counsel. (ECF 53). I directed appointed counsel to remain as standby counsel. (*Id*.).

On January 15, 2013, a jury trial began with Johnson representing himself. After the government's first witness testified, Johnson requested representation. (Trial Trans. at 4320, ECF No. 168). I granted his request and appointed counsel assumed Johnson's representation. (*Id*.). At the conclusion of a four-day trial, the jury found Johnson guilty on all four charges. (ECF 120).

After the trial, Johnson made some attempts to retain counsel. (Mot. To Amend at 3, ECF 189-2). He also requested that his appointed counsel file a motion for a new trial. (New Trial Motion at 6, ECF 145). Appointed counsel did not file the motion. (*Id*.). Before sentencing, Johnson again requested to represent himself as he was unsatisfied with his representation. (ECF 137). On March 28, 2013, I held a hearing and granted Johnson's request but asked appointed counsel to remain as standby counsel. (ECF 139, 141). I also allowed Johnson to file a new trial motion, even though the deadline to do so had passed. (ECF 141). Fed. R. Crim. P. 33 (requiring that a motion for a new trial be filed within 14 days after the verdict). Johnson then filed a motion for a new trial. (ECF 145). He also filed a motion to set aside the verdict and dismiss the case with prejudice claiming that he is not a United States citizen and does not fall within the jurisdiction of the Internal Revenue Service (IRS). (Motion at 3, ECF 147).

On April 11, 2013, I held a sentencing hearing and orally denied Johnson's motions for a new trial and to set aside the verdict. (Sent. Trans. at 3-7, ECF 172). Johnson then challenged the court's jurisdiction over him. (*Id*. at 7.). He refused to follow court procedure, continually interrupted me, and refused to discuss anything other than his jurisdictional argument. (*Id*. at 8-

3

10). I warned Johnson that I would reappoint standby counsel if he was unable to follow court procedure. (*Id*. at 8-9.). When Johnson did not heed the warning, I revoked his *pro se* status and ordered standby counsel to represent him for sentencing.

I sentenced Johnson to a term of 48-months' imprisonment: 36 months on Count One and 12 months on each of Counts Two, Three, and Four, to be served concurrently, but consecutive to the term imposed in Count One. (Judgment at 3, ECF 151).

On April 15, 2013, Johnson filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. (ECF 153). On April 18, 2013, the Fourth Circuit granted a motion by appointed counsel to withdraw as counsel on appeal and appointed a different attorney to represent Johnson. (ECF 158). The Fourth Circuit affirmed Johnson's conviction. *United States v. Johnson*, 571 F. App'x 205 (4th Cir. 2014). He did not file a petition for a writ of certiorari.

On January 23, 2015, Johnson filed the instant § 2255 motion. (ECF 186). He filed a motion to amend on February 18, 2015, seeking to supplement his ineffective assistance of counsel claims, which was granted. (ECF 189, 193). The government filed a motion to dismiss and Johnson responded. (ECF 194, 198). On November 9, 2015, Johnson filed another motion to amend, asserting a claim that the government presented perjured testimony at trial. (ECF 205).

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255. Johnson bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

## III.

Johnson claims that counsel provided ineffective assistance by: (1) refusing to investigate and develop the argument that he was not within the jurisdiction of the United States for income tax purposes because he did not "voluntarily" agree to be taxed (Mem. at 4883, ECF 186); (2) refusing to argue that he did not act willfully in violating the Internal Revenue Code because he honestly believed that he was exempt (Mem. at 4891, ECF 186); (3) failing to challenge the empanelling of the grand and petit juries (Mem. at 4899, ECF 186); and (4) failing to move for a new trial (Mem. at 4900, ECF 186). He also argues in his second motion to amend that the government offered perjured testimony from Internal Revenue Agent Robert Biggs who testified at trial that Johnson's mentor, John Kotmair, was not qualified to act as a power of attorney for Johnson. (Amend. Mem. at 5248, ECF 205). Johnson's ineffective assistance of counsel claims are meritless and must be dismissed and his request to file a second motion to amend denied.

### A. Ineffective Assistance of Counsel

In order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis: he must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. *Strickland*, 466 U.S. at 669. When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Gray v. Branker,* 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." *Id*.

5

To satisfy the prejudice prong of *Stickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Johnson's claims of ineffective assistance of counsel do not satisfy *Strickland's* stringent requirements. Johnson first claims that both his trial and appellate counsel provided deficient representation because they refused to develop Johnson's theory that he did not fall within the jurisdiction of the United States for income tax purposes. (Mem. at 4879, ECF 186). The crux of Johnson's argument appears to be that he is not a "taxpayer" because federal income taxes are excise taxes, and therefore "voluntary." (Mem. at 4879, ECF 186). He argues that he opted out of this responsibility by sending letters to the Social Security Administration and the Treasury stating that he would not be "accept[ing] federal social security and employment benefits." (*Id*.).

It is well settled that all workers earning income in this country are subject to federal income taxation. *See, e.g.*, *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984) ("All individuals, natural or unnatural, must pay federal income tax on their wages. . . ."). Moreover, "the debate over whether the income tax is an excise tax or a direct tax is irrelevant to the obligation of citizens to pay taxes and file returns." *United States v. Melton*, 86 F.3d 1153, 1996 WL 271468, at *2, 1996 U.S. App. LEXIS 11683, at * 8 (4th Cir. May 22, 1996) (unpublished). Accordingly, this argument is frivolous and Johnson's lawyers could not ethically raise it. *See, e.g.*, *Jones v. Barnes*, 463 U.S. 745, (1983) (noting that counsel must exercise their professional judgment in determining which issues to raise before the court); *Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989).

6

Johnson conceded at trial that he lived and worked in Virginia and made enough income to trigger income tax responsibilities. (Trial Trans. at 24; ECF 171). As Johnson's lawyers explained to him, the Model Rules of Professional Conduct do not allow a lawyer to raise a frivolous argument before the court. (Mot.Exh., ECF 186-5 at 5028; 186-6 at 5044, 5046.); Model Rules of Prof'l Conduct r. 3.3 (Am. Bar Ass'n 2013). Because they were constrained by the professional cannon of ethics to raise only non-frivolous arguments, counsels' conduct was not deficient.[1] *See generally Wheat v. United States*, 486 U.S. 153, 160 (1988) (noting that the American Bar Association's Model Code of Professional Responsibility and its Model Rules of Professional Conduct impose limitations on the conduct of lawyers to ensure that "criminal trials are conducted within the ethical standards of the profession. . . .").

Johnson's second claim of ineffective assistance of counsel is that his trial counsel failed to argue "the element of willfulness" for Counts Two, Three and Four, charging him with failing to file income tax returns. (Mem. at 4891, ECF 186). Section 7203, which criminalizes tax return violations, requires that a defendant "willfully fail[]" to pay taxes in order to be found guilty. 26 U.S.C. § 7203.

Johnson's argument, however, is belied by the record. Defense counsel, in his opening statement, noted that if a taxpayer "believes in good faith that he or she is not obligated to file taxes, then—if you reach that conclusion, that undercuts the notion that that person has willfully failed to file" income tax returns. (Trial Trans. at 15, ECF 178). Johnson's lawyer went on to distill the entire trial for those charges down to a question of whether Johnson acted willfully: "And so that's what it comes down to: good faith. Did he act in good faith? Did he act

---

[1] Moreover, Johnson raised this jurisdictional issue before the court. While Johnson was representing himself during his trial, he questioned the court's subject matter jurisdiction. (Trial Trans. at 7, ECF 168). I reminded Johnson that courts have been hearing these types of cases for hundreds of years and that jurisdiction was well established. *Id*. Johnson also testified during his case-in-chief. He explained that it was his understanding based on the Constitution and Supreme Court precedent that "I'm outside of the jurisdiction of the U.S. as far as not living or working in the U.S." so that the tax code did not apply to him. (Trial Trans. at 4641-42, ECF 170).

7

willfully?" *Id*. Johnson also took the stand and testified that he did a lot of research and reading about the Internal Revenue Code and developed an honest belief that it did not apply to him: "In good faith I believe that the tax code was—did not apply to me. . . ." (Trial Trans. at 4668, ECF 170). Finally, during closing argument, defense counsel again argued that "the government has to show that Mr. Johnson willfully did these things. . . ." (Trial Trans. at 28, ECF 171). In fact, Johnson's counsel focused almost exclusively on how Johnson did not act willfully in refusing to file tax returns. *Id*.

It is the province of the jury to determine credibility issues. *United States v. Lowe*, 65 F.3d 1137, 1142 (4th Cir. 1995) ("Credibility determinations are within the sole province of the jury. . . ."). Defense counsel raised and the jury considered and ultimately rejected Johnson's willfulness argument. Because the record establishes that Johnson's counsel did, in fact, raise a willfulness argument, he has not shown that counsel failed to address the issue and therefore that his representation fell below "an objective standard of reasonableness." *Strickland,* 466 U.S. 687-91.

Johnson asserts, in his third ineffective assistance of counsel claim, that defense counsel should have challenged the empanelling of the grand jury and individual jurors during the voir dire process. (Mem. at 5899, ECF186). Grand jury proceedings are presumed to have been legally empanelled without specific evidence to the contrary. *See United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor, J. concurring) ("[T]he grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process."). Johnson has failed to allege any type of impropriety with regard to the grand jury. Without "particularized proof" this allegation must fail. *Id*.

8

Similarly, in order to make a viable challenge to the petit jury, a defendant must establish a prima facie showing of impropriety with regard to jury selection. *Snyder v. Louisiana*, 552 U.S. 472, 476-77 (2008). As with the grand jury, Johnson fails to allege any bias or misconduct. Because Johnson cannot point to any specific instances of misconduct, this argument also lacks merit. Moreover, during the empaneling of the petit jury, Johnson was representing himself. He had the opportunity to make challenges. He did not. By exercising his constitutional right to present his own defense, Johnson necessarily waived his constitutional right to be represented by counsel. *See Faretta v. California*, 422 U.S. 806, 834 (1975). A defendant cannot waive his right to counsel and then complain about the quality of his own defense. *Id*. at 834 n.46; *United States v. Singleton*, 107 F.3d 1091, 1101 (4th Cir. 1997). Johnson has therefore failed to establish that his counsel provided deficient representation.

In his fourth and final ineffective assistance of counsel claim, Johnson asserts that his counsel failed to move for a new trial following his guilty verdict, even though Johnson explicitly asked him to do so. (Mem. at 4900, ECF186). There was some confusion about who would represent Johnson on appeal, because he was in the process of attempting to obtain counsel. (New Trial Motion, ECF 145 at 6). It appears that appointed counsel made a strategic decision not to file a motion for a new trial. (New Trial Motion, ECF 145 at 6). *See also Strickland*, 466 U.S. at 690-91 ("Mere errors of judgment and tactical mistakes by counsel do not constitute ineffective assistance, and the court may not second-guess the strategic decisions of counsel and order a new trial simply because another defense attorney, with the benefit of hindsight, might have taken a different course.").

But even assuming, *arguendo*, that appointed counsel's failure to make a motion for a new trial when directed to do so is analogous to failing to file an appeal, and therefore erroneous,

9

Case 6:12-cr-00015-NKM-RSB   Document 218   Filed 01/07/16   Page 9 of 13   Pageid#: 5488

Johnson cannot establish prejudice. *See generally United States v. Peak*, 992 F.2d 39 (4th Cir. 1993) (holding that trial counsel's failure to file a notice of appeal when requested by defendant to do so is a *per se* deprivation of the Sixth Amendment right to counsel). This is because once Johnson alerted the court to fact that he was having trouble communicating with his appointed counsel who had not filed a motion for a new trial, I allowed Johnson to file the motion, out-of-time, on his own behalf. (ECF 141). He promptly did so. (ECF 145). I considered his motion for a new trial on the merits and denied it. (Sent. Trans. at 3, ECF 172). In his motion for a new trial, Johnson raised two issues that I addressed: (1) whether I erred by interrupting him and counsel during the trial. (New Trial Motion at 3, ECF 145). I carefully reviewed each of these claims and determined that the child support evidence was more probative than prejudicial especially in light of Johnson's personal testimony that he had done everything he could to care for his children. (Sent. Trans. at 4, ECF 172). With regard to the interruptions, I determined that they were limited and helped facilitate the smooth running of the trial. *Id*. at 6-7. Johnson does not claim that there were additional issues that would have been raised had counsel filed the motion for a new trial.

Because his motion for a new trial was adjudicated on the merits, Johnson cannot establish that his counsel's failure to file the motion on his behalf prejudiced him in any way. Accordingly, he cannot satisfy the requirements of *Strickland*.

**B. Perjury Claim**

After filing his § 2255 motion, his first motion to amend, and his response in opposition to the government's motion to dismiss, Johnson filed a second motion to amend, raising a new issue. Johnson asserts that that the government presented perjured testimony at trial. (ECF 205). Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading is

10

served, a party seeking to amend the original pleading must seek either the written consent of the opposing party or leave of court. Fed.R.Civ.P. 15(a)(2). Leave of court to amend "shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *Pittman,* 209 F.3d at 317.

Johnson's request for leaved to amend his § 2255 motion to include a perjury claim would be futile. It is well established that a conviction obtained partly on the basis of evidence the prosecution knew to be false violates a defendant's due process rights. *See Napue v. Illinois,* 360 U.S. 264, 269 (1959). To establish such a violation, a defendant must show (i) that the testimony was perjured, (ii) that the prosecution knew or should have known of the perjury, and (iii) that the testimony was material to the conviction. *See Chavis v. North Carolina,* 637 F.2d 213, 222 (4th Cir.1980).

Johnson has not satisfied the first requirement for establishing a perjury claim because he has not shown that the government presented false testimony. Johnson takes issue with the testimony of former Internal Revenue Agent, Robert Biggs, who stated that the IRS determined that John Kotmair was not qualified to represent Johnson through a power-of-attorney while it was investigating Johnson. (Amend. Mem. at 5241, ECF 205). Biggs testified that he sent two letters to Johnson notifying him that his tax returns were being investigated. (Trial Trans. at 4282, ECF 168). Biggs stated that he then received a letter in response from John Kotmair with an attached power of attorney, stating that Kotmair was going to represent Johnson. (*Id*. at 4285.). Biggs testified that he contacted his managers who told him that Kotmair was not qualified to represent Johnson, and so Biggs continued to send correspondences to Johnson rather than Kotmair. (*Id*.).

11

Johnson argues that Biggs presented perjured testimony because Kotmair was, in fact, qualified to act as his power of attorney. Johnson claims that Kotmair had a valid "representation number" and so should have been allowed to represent him before the IRS. (Amend. Mem. at 5242, ECF 205). The gravamen of his argument is that Biggs' managers were mistaken in their belief that Kotmair could not act as a power of attorney, so Biggs' testimony at trial to that effect was a lie.

Johnson's argument fails because he has presented no evidence that Biggs' testimony was false. Biggs' recitation of events regarding his communications with Johnson and Kotmair appears to be accurate. Johnson takes issue with the decision, made by Biggs' managers in August of 2004, that Kotmair was unqualified to represent Johnson before the IRS. Yet even assuming that this decision was improperly made, Biggs testified truthfully about his role in the investigation. True statements cannot give rise to a perjury charge. *Bronston v. United States*, 409, U.S. 352, 362 (1973); *United States v. Earp*, 812 F.2d 917, 919 (4th Cir. 1987). Amendment of his § 2255 motion would therefore be futile. *Pittman,* 209 F.3d at 317. Accordingly, I deny his motion to amend.[2]

---

[2] Johnson's amendment would also be futile because the request to amend was untimely filed after the end of the statute of limitations period provided in § 2255(f). A petition under § 2255 must be filed within one year after the latest date on which (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) the facts supporting the defendant's claim could have been discovered by exercising due diligence. 28 U.S.C. § 2255(f). When a cause of action is barred by an applicable statute of limitations, amendment is futile and an amendment based on such a cause of action can be denied. *Keller v. Prince George's County,* 923 F.2d 30, 33 (4th Cir.1991). The Fourth Circuit's judgment in Johnson's case became final on May 12, 2014. The time to file a petition for a writ of certiorari ended, and Johnson's conviction became final, on August 10, 2014. *See Clay v. United States,* 537 U.S. 522, 524–25 (2003). Johnson did not file a second amendment to his § 2255 motion until November 9, 2015, more than a year after his conviction became final. Johnson's perjury claim does not relate to any of the claims made in his original § 2255 motion, and therefore is not entitled to relation back under Rule 15(c). *See Mayle v. Felix,* 545 U.S. 644, 664 (2005); *Pittman,* 209 F.3d at 317. Finally, although Johnson claims that his perjury claim involves newly discovered evidence, Kotmair's qualification to represent Johnson before the IRS is a fact that could have been discovered before trial.

Accordingly, I conclude that Johnson has not shown that counsel was ineffective for failing to dispute the court's jurisdiction, argue willfulness, challenge the grand jury and petit jury process and make a motion for a new trial. In addition, I conclude that Johnson's second motion to amend would be futile.

## IV.

For the reasons stated herein, I will grant the government's motion to dismiss.

**ENTER:** This __7th__ day of January, 2016.

                                                    s/Norman K. Moon  
                                                    NORMAN K. MOON  
                                                    UNITED STATES DISTRICT JUDGE